Allen, J.
In the case of Williams v. Peyton, 4 Wheat. R. 77, the Supreme Court of the United States decided that a deed of the marshal, made under the act of Congress of the 14th July 1798, imposing direct taxes, arid the act of March 3, 1804, did not furnish prima facie evidence that the land had been advertised, nor that the requisitions of the law had been complied *130 with. That as the act of Congress contained no declaration that the conveyances shall be deemed prima, facie evidence of the validity of the sale, it was a naked power not coupled with an interest, and in all such cases ^g jaw reqUires that every prerequisite to the exercise of that power must precede its exercise. The authority of this decision, as expounding an act of Congress, was fully recognized and followed in the case of Allen v. Smith, 1 Leigh 231, where the validity of a deed made under the same laws came in question. It was there held that it is incumbent on a party claiming under a sale for said tax, to prove the regularity thereof; that the marshal’s deed is not even prima facie evidence of the regularity of the collector’s proceedings; nor shall the regularity thereof be presumed from twenty-two years quiet possession under the sale, or from any lime short of that from which any other link in the chain of title to real estate may be presumed. On the trial of the mise joined in the case under consideration, the demandants relied on a deed from William D. Taylor, collector of the direct taxes, for land sold for the direct tax imposed by the act of Congress of the 9th January 1815; and offered two depositions of said Taylor to prove in general terms that he had advertised the sale in the mode prescribed; that the sales were made in exact pursuance of the acts of Congress in relation thereto; and that he has no doubt he executed deeds for the same to the purchasers in regular forms.
If the recitals in the deed of the officer do not furnish even prima facie evidence of the regularity of the proceedings which led to the sale, much less would a mere vague statement by the officer, that the sales were made in exact pursuance of the acts of Congress, avail. In the case of Keith v. Preston, there was also adduced the evidence of the printer to prove that the sale was advertised, but this was only one of the preliminary steps to authorize a sale. Evidence of the various pro *131 ceedings required by law before the sale was made, should be adduced to enable the Court to determine upon the facts so proved, whether the authority to sell was properly exercised in the particular case. A reference to the recitals of the deed and law, shew that many things were to be done by duly authorized officers, of whose acts and authority there must be written evidence, which should be produced. But nothing of the kind was offered. The case therefore falls within the influence of the principles decided in the cases referred to, and the Court should have rejected the deed as evidence, unless accompanied with evidence of the regularity of the proceedings preparatory to the sale.
The case of Robinett v. Preston, 4 Gratt. 141, has been relied on as authority for dispensing with such proof. That was a sale of land of a debtor by a sheriff under an execution. Actual possession had been held by the party claiming under the sale and sheriff’s deed, for a sufficient length of time to have barred a recovery by the original owner in a writ of right, if the possession could be deemed adverse to his title. There, to support the possession, the presumption of the regularity of the proceedings was properly allowed. In this case no such possession is shewn, and consequently no presumption can arise. I think the judgment should be reversed.
The other Judges concurred. Judgments reversed with costs, verdicts set aside, and new trials awarded.