BASIL W. ALEXANDER *et al.*, Respondents, *v.* HENRY HICKOX *et al.*, Appellants.

*Conveyance—Alteration.*—Where title has passed by a deed, no subsequent alteration of the conveyance, by any one, for any purpose, can revest the grantor with the title.

*Conveyance—Description.*—Register's deed declared void for uncertainty of description.

### Appeal from St. Louis Land Court.

*Krum & Decker*, for appellants.

I. The court below erred in admitting the deed of Thomas Barnett in evidence against the objections of the defendants. That the deed had been mutilated by erasing the name therefrom of one of the grantees, is apparent from an inspection of the deed itself. That it was so mutilated *after* its delivery to Orme, is clearly shown by the testimony of Thomas Barnett, the maker of the deed. The effect of this mutilation of the deed is to render it inoperative to convey any estate in the lands therein described. (1 New Hamp. 145; 15 Johns. 293; 8 Cowan, 71; 4 Kent, 439.)

In Missouri there is practically no distinction between a feoffment and a grant. (4 Kent, C. 439; id. 467; R. C. 1855, p. 1806.)

II. It was error in the court below to exclude the deed of the register of lands, offered by the defendants.

Section eighteen of the revenue act, approved March 27, 1845, made the register's deed, executed under that act, *prima facie* evidence of title in the purchaser, whenever the title to the land sold shall be brought in question. The tax sale recited in this deed was made under this act.

The act approved February 13, 1847, is amendatory of the act of March 27, 1845, and declares that such deeds so executed and recorded shall, without any further proof, be received in evidence, &c., are embodied in the revenue act of 1855. (R. C. 1855, p. 1360, secs. 33 & 34.)

The law of 1847 has been continued in force at the time

the deed in question was made, January 1, 1859. It is plain that the register had ample authority to make and record this deed, and the statute is mandatory upon the court to receive it in evidence ; what its effect shall be is also declared by the statute. It is *prima facie* evidence of title in the purchaser under the deed.

This deed was a material link in the chain of evidence, constituting the defence in this case. The exclusion of the deed by the court from the jury, cut out this point of the defence completely. (Sess. Acts 1836, p. 130 ; R. C. 1845, § 18, p. 952; Sess. Acts 1847, p. 122, § 30; 2 R. C. 1855, § 33 & 34, p. 1360; 6 Ill. 160; 11 id. 431; 12 id. 54; 13 id. 708.)

III. The instruction given to the jury by the court below, at the instance of plaintiffs, is manifestly erroneous. This instruction takes the question of fact from the jury. It tells the jury that the sheriff's deed to McDonald conveys no title to him in the land described in said deed. If Barnett (against whom McDonald had judgment) owned any interest in the land in question at the time of the recovery of said judgment, or the sale under it, then the sheriff's deed operated to pass such interest to the purchaser at the sheriff's sale.

*Glover & Shepley*, for respondents.

I. An alteration of a deed by a grantee, even if made fraudulently, cannot affect the title nor reinvest the title conveyed. (Barnett v. Thorndike, 1 Greenl. 73; Hatch v. Hatch, 9 Mass. 311; Waring v. Smyth, 2 Barb. Ch. 119; Smith v. McGovern, 3 Barb. Sup. C. 404; United States v. West, 22 How. 315; Doe *dem*. Beauland v. Hirsh, 3 Eng. C. L. 594; 1 Greenl. Ev., § 568; Lewis v. Payne, 8 Cow. 71; Jackson v. Gould, 7 Wend. 264; Chamberlain v. Bell, 7 Cal. 294; Berd v. Berd, 40 Maine, 403; Jacoby v. Jacoby, 9 Cow. 71; Doe *dem*. Lewis v. Bingham, 4 Barn. & Ab. 677, per J. Holroyd.)

It is not believed that there is a single case that holds a

contrary doctrine; even the case in 1st New Hampshire, not denying the general doctrine, but rendering it nugatory by refusing to admit the altered deed for any purpose whatever. The distinction which is attempted to be made, that when the estate lies in grant, if the deed be fraudulently altered, the estate falls with it, unless possession be shown to accompany the deed, is not supported by any of the authorities cited, and arises from a misapprehension of some of the earlier authorities. Any other construction would place all our titles in the position, that any alteration by a grantee would have the effect to change the title to the land, no matter when the change was made, or how many conveyances of the land had been made in the mean time.

The cases cited on the other side as to the effect of an altered deed, relate simply to incorporeal hereditaments, things that exist by writing only; and in the case in 8 Cow. 71, it was a lease. In that case the court, at bottom of page 75, states the distinction; but it would seem that even upon a lease it would not have the effect of avoiding the interest in England, from the observations of Chief Justice Campbell, in the case of the Agriculturist Cattle Ins. Co. v. Fitzgerald, 15 Jurist, p. 490. In the States, lands are conveyed only by writing, and seizin accompanies the deed. In 2 Barb. Ch. 133, the true rule is stated, and the reason why a mortgage under the law of New York is void when an alteration is made, when it would not be void in England, is stated. Destruction of a deed, even by consent of grantor and grantee, will not reinvest the title. (Tibeau v. Tibeau, 19 Mo. 78.)

The erasure, even if fraudulently made by the grantee, does not prevent the deed being read in evidence as showing a conveyance, though it is inoperative to give the grantee any benefit of any covenants therein contained. (Doe v. Hirsh, 3 Stark, R. 60; Lewis v. Payne, 8 Cow. 71; Jackson v. Gould, 7 Wend. 364; Harnick v. Malin, 22 Wend. 393.) And the principle has been held to apply in England to other instruments besides deeds, conveying the fee simple—

Agricul. Cat. Ins. Co. v. Fitzgerald, 15 Jurist, 490, where it is said in relation to what is there called a deed of settlement (being an instrument under which the corporation took their legal existence under the general act)—"There is no ground for saying that if a deed be altered in a material part, it is rendered void from the beginning. It ceases to have any new operation, and no action can be brought in respect to any pending obligation ; * * * but it may still be given in evidence to prove a right or title created by its having been executed, or to prove any other collateral fact." So the deed is good to show the conveyance, but would be bad in a suit upon any covenants contained in it.

The deed of Thomas Barnett having been made in 1832, and recorded prior to the sale by the sheriff in July, 1846, on an execution against Thomas Barnett, is a better title than that acquired by deed of the sheriff under said execution and sale. (Valentine v. Havener, 20 Mo. 133.)

The deed having been recorded the 14*th day of March*, 1846, brings this case precisely within the principle decided in these cases.

II. The deed of register under tax sale was properly rejected, being void for uncertainty.

This question is one for the court to decide and not the jury. (Clemens v. Rannels, decided at the last term.)

BATES, Judge, delivered the opinion of the court.

This is an action in the nature of ejectment for a lot in the city of St. Louis. Both parties claim under Thomas Barnett. In 1832, Barnett by deed conveyed the lot to Orme and Thomas ; afterwards the name of Thomas was erased from the deed ; and still, subsequently, Thomas conveyed his interest in the lot to Orme, who conveyed the whole to the plaintiffs.

In 1846, a sheriff's sale of Barnett's interest in the lot. was made to McDonald, who conveyed to Willi, one of the defendants.

At the request of the plaintiffs the court instructed the jury :

" That the sale of the sheriff of St. Louis county to James McDonald, and the deed of said sheriff to said McDonald for the land so sold, given in evidence by defendants, conveyed no title to said McDonald for any portion of the land described in the deed of Thomas Barnett, dated the 23d day of May, 1832, given in evidence by plaintiffs."

There was no error in this instruction. Barnett's title having passed by his deed to Orme and Thomas, no subsequent alteration of the deed (by whomsoever made or with whatever purpose) could revest Barnett with the title, and there was, therefore, nothing upon which the sheriff's deed could operate. (Tibeau v. Tibeau, 19 Mo. 81.)

2. The defendant also offered in evidence a deed of the register of lands, upon a sale of the lot made for taxes. Objection having been made to the uncertainty of the description, the defendant gave the testimony of a witness to explain the description, and upon objection made by the plaintiff the deed was still rejected.

The deed was a printed form, obviously intended for the conveyance of country lands. It contained columns with printed headings, under which were written words of description as follows :

| To whom assessed. | Acres. | 1-100 | Parts of sec. No. Survey. | Sec. | Town. | Range. | Local description. |
|---|---|---|---|---|---|---|---|
| Arch. E. Orme. | Bl.126 | Sixth | 18 by 60 ft. | N. Wash. Av. | E. 6th st. | S. Willi | W. Swon, in city of St Louis. |

The testimony was as follows :

One Denis testified, " I am a practical surveyor ; I know the location of the land in suit ; I surveyed the land adjoining it formerly owned by Swon, now the property of Walker." The deed from the register in the State of Missouri to Willi being shown witness, he states, " I could not locate the land from the description in this deed ; I would need more

information to locate it; I would go to the corner of Sixth street and Washington avenue. Lot No. 126 is on the south side of Washington avenue; the land mentioned in the petition is in the same block; I would, from the register's deed, locate the land in question at the corner of Sixth street and Washington avenue. The lot referred to as belonging to Walker adjoins it on the west." On cross-examination the witness stated, that " if the printed headings in the deed of the State register are used as a part of the deed, there is no sense in it."

If the description contained in the deed were such as could be explained by parol testimony, it is obvious that the testimony of this witness did not at all give it any greater certainty. He truly said, that if the printed headings in the deed are used as a part of the deed, there is no sense in it; and it is equally true that if the printed headings be entirely disregarded, there is no sense in it. There is, in truth, no description at all of any lot whatever.

The court properly rejected the deed.

Judgment affirmed. Judges Bay and Dryden concur.