LOWE v. EKEY, *Appellant.*

1. **Tax Deed**: DESCRIPTION OF LAND.  The description of the land in a tax deed must conform to that contained in the anterior proceedings.

2. ———— : ABBREVIATIONS : STATUTE.  Under Wagner's Statutes, page 1212, section 240, authorizing certain abbreviations in describing land in tax deeds and proceedings relating to the same, abbreviations can be used only as provided in said section, and when used they will be insufficient under said section, unless the land intended to be designated by their use is so designated thereby that it may be identified or located.

3. ———— : ————.  Abbreviations used in description of land in the tax deed and anterior proceedings in this case, held insufficient.

*Appeal from Franklin Circuit Court.* — HON. A. J. SEAY, Judge.

REVERSED.

*Crews & Booth* for appellant.

The tax deed is void, and utterly insufficient to convey that part of the northwest quarter of northeast quarter, section fifteen, township forty-two, range one east, which lies north of the Union road, and west of the Atlantic & Pacific R. R., for the following reasons: 1. Because it does not purport to convey 13 15-100 acres in northwest quarter of northeast quarter of said section fifteen, lying north of said Union road, and west of said railroad, when the land sued for is but about half of the land in said northwest quarter of northeast quarter lying north of said Union road, and the deed does not indicate in what part of the tract north of the Union road the 13 15-100 acres are located.  *City of Jefferson v. Whipple,* 71 Mo. 519 ; *Nelson v. Goebel,* 17 Mo. 161 ; *Alexander v. Hickox,* 34 Mo. 496.  There was no evidence tending to show that the land was known by the description contained in said tax deed.  The proceedings in tax sales are not viewed as on the same footing with proceedings on execution in ordinary suits.

Blackwell on Tax Titles, p. 301, side page 304. See, also, Blackwell on Tax Titles, (3 Ed.) top pp. 379 to 381, side pp. 381 to 383 and top pp. 123 to 129, side pp. 124 to 130. 2. Because the description in the tax deed did not follow the description in the preceding tax proceedings. Appellant maintains that the tax deed not describing the land as west of the Atlantic & Pacific Railroad, it is a good conveyance of all the land north of the Union road, whether on the one side or the other of the railroad. But this position is clearly wrong. The tax deed must follow the assessment, judgment and execution. See Blackwell on Tax Titles, (3d Ed.) side p. 384, top p. 379. The assessment and all the subsequent tax proceedings under which the tax deed purports to be executed contained no adequate description of the lands, and were therefore void. There was no valid judgment rendered against the land for the taxes of 1874; the judgment book did not comply with the law, as it failed to contain a record of the delinquent list, did not set out any state, county or other tax, and did not show any petition for judgment to have been filed by the collector. Blackwell on Tax Titles, 197, 198. The special execution was void. *Ewart v. Davis,* 76 Mo. 129. The tax deed recited that the sale by the collector was made under an execution dated August 9th, 1875. There was no execution of that date, and said deed was, therefore, void. *Williams v. McLanahan,* 67 Mo. 499. The tax sale was illegal, and the tax deed void, for the reason that the statute required the quantity of each tract, which should be sold for the taxes of the whole tract, to be noted opposite the tract on the special execution in the column provided for that purpose, and the law was not complied with in this particular. 2 W. S., p. 1200, § 196; *Donahue v. Hartless,* 33 Mo. 335; Blackwell on Tax Titles (3rd Ed.) p. 301.

*L. F. Parker* for respondent.

The description in the tax deed and other proceedings,

is not so indefinite as to render them void. Cooley on Tax, p. 284; *Shaw v. Orr*, 30 Ia. 355; *Bosworth v. Dauzier*, 25 Cal. 296; *Dundcn v. Snodgrass*, 18 Pa. 15. Tax sales are like sales under execution, and it has always been the law of this state that however vague the description of the property given, if it could be identified when explained by facts *aliunde*, which facts were so generally known that the public would be presumed to know the property by the given description, then it was sufficient. *Bates v. Bank of Mo.*, 15 Mo. 309; *McPike v. Allume*, 53 Mo. 551; *Shewalter v. Pirner*, 55 Mo. 218; *Adkins v. Moran*, 67 Mo. 100. A recital in a judgment that due notice had been given is conclusive. 2 W. S., p. 1192, § 193; *Vorhees v. Bank*, 10 Pet. 449; *Raley v. Guinn*, 76 Mo. 263. It is not necessary for the collector to file a formal petition for judgment in addition to the delinquent list. 2 W. S., p. 1199, § 192. The failure of the clerk to specify opposite the tract sold, that the whole of it was sold, is not such an omission or irregularity as to avoid the sale. *Raley v. Guinn, supra*; *Negus v. Yancy*, 23 Ia. 416; *Wheaton v. Sexton*, 4 Wheat. 403; *Jackson v. Steinberg*, 1 John. Ch. 143; *Buchanan v. Tracy*, 45 Mo. 437; *Allen v. Moss*, 27 Mo. 354; *Scruggs v. Scruggs*, 41 Mo. 242; *Henderson v. Henderson*, 55 Mo. 547; 66 Mo. 272. All the proceedings in this case show the identity of the tract actually sold and intended to be conveyed, and it is the same land sued for here, and it is included in the description in the tax deed. Evidence *aliunde* is admissible to show the identity of the tract where a tax deed conveys more than the officer had the power to convey. 2 A. K. Marsh (Ky.) 553. Irregularities will be disregarded. *Thatcher v. People*, 79 Ill. 597; *Beers v. People*, 83 Ill.; *Goodwin v. Perkins*, 39 Vt. 598; *Adams v. Seymour*, 30 Conn. 402; *Huey v. Van Wie*, 23 Wis. 613.

SHERWOOD, J.—Action of ejectment for the recovery of the possession of the following described land situate in Franklin county, to-wit: "All that part of the northwest

quarter of the northeast quarter of section 15, township 42, range 1, east, lying north of the Union Road, and west of the Atlantic & Pacific Railroad, (now St. Louis & San Francisco R. R.), and containing thirteen and 15-100 acres more or less." The reliance of the defendant is the insufficiency of the proceedings which resulted in the sale of the land, as well as the insufficiency of the description of the land in the tax deed made by the collector. The land was described in this deed as being in Franklin county. The clause of the deed reciting the judgment in favor of the State, and against the land, describes the land as follows:

| Quantity. | | Parts of Sections, etc. | No. of Section. | No. of Township. | No. ot Range. | Years for which taxes are due. | Amount of taxes, interest and costs. | |
|---|---|---|---|---|---|---|---|---|
| Acres. | 100ths. | | | | | | $ | cts. |
| 13 | 15 | N. W. N. E. N. U. R. | 15 | 42 | 1E. | 1874. | . 83 | 04 |
| | | Clerk's fees......... | | | | | | 10 |
| | | Collector's fees.... | | | | | | 10 |

And in the granting clause as follows, viz:

| Fractional Part and Quantity Sold. | | Parts of Sections, etc. | No. of Section. | No. of Township. | No. of Range. |
|---|---|---|---|---|---|
| Acres. | 100ths. | | | | |
| 13 | 15 | N. W. N. E. North of Union Road....................................... | 15 | 42 | 1E. |

The assessment, as shown by the tax-book, described land as described in the deed, except that under the heading, "Parts of sections" etc., these letters were used: "N. W. N. E. N. Union R. W. A. & P. R. R."

19—82

It is said in a work devoted to such subjects:

" The deed must give a certain description of the land conveyed, and conform in every respect to the mode of designation, pointed out by the local law of the State where it is executed, and of course, conform to the description adopted in the anterior proceedings.  Blackwell on Tax Tit. 381.  And it is held that the addition of a false particular in the description, which, in a deed between private individuals, might be rejected as surplusage, where the description without it would be certain, would vitiate the deed. *Ib.*  In the case at bar, the description contained in the deed does not correspond with that adopted in the "anterior proceedings," and this, of course, vitiates the deed, and if a portion of a description in a deed cannot be rejected as surplusage, neither can any portion of the description in the prior proceedings be held as surplusage, as this would overthrow the rule of conformity announced above.  But the description of the land contained in the deed, and the prior proceedings, is bad for another reason, that of uncertainty. Under the provisions of section 240, 2 Wag. St., 1212, letters might be used to indicate certain things, to-wit : " T. for township, R. for range, L. for lot, B. for block, N. for north, E. for east and W. for west, or any combination or combinations of the four last mentioned letters to denote parts of sections, lots, blocks, or other sub-divisions of real property."  And that section further provides that, " any and all descriptions of real estate made under the provisions of this act, by the use of letters, figures and characters, as provided in this section, when so made that the land or lot may be identified and located, shall be deemed and held to be good, valid and complete, as though the same had been written out in full."  It is quite obvious that under the maxim *expressio unius*, etc., letters can only be used in describing land, as provided in that section and not otherwise.  It is equally obvious that when letters are so used they will fall short of the requirements of that section, unless the real estate intended to be designated by their use,

is so designated thereby, " that the land or lot may be identified and located."

This identification or location cannot occur from the " anterior proceedings." What is meant by the letters, N. W. N. E. N. U. R., contained in that portion of the tax-deed which recites the description of the land against which judgment is rendered, certainly cannot be determined by any use of letters such as section 240, *supra*, warrants. Conceding that we might construe the letters N. W. N. E. to mean the northwest quarter' of the northeast quarter, though they could as readily mean the northwest quarter and the northeast quarter, how shall the letters N. U. R. be interpreted? And if there was no sufficient description of the land in the " anterior proceedings," assuredly a good description in the tax deed could not retroact upon a prior bad description of the land and validate it. But the description in the deed itself, is not good.

There was no evidence tending to show that the land was known by the description set forth in the deed. Such evidence, perhaps, under the rulings in *McPike v. Allman*, 53 Mo. 551, and kindred cases, might have been sufficient, so far as concerns the bare deed, and have identified the land in the manner stated; but as there was no such evidence, the identity of the land cannot be ascertained, and this was the opinion of the county surveyor who testified in the cause in the trial court. The deed does not indicate in what part of the tract north of the Union road the 13, 15-100 acres are located. *City of Jefferson v. Whipple*, 71 Mo. 519; *Alexander v. Hickox*, 34 Mo. 496.

For these reasons, the judgment should be reversed and the cause remanded. All concur. HOUGH, C. J., absent.