JESSE M. LIBBY *vs.* ELLEN P. MAYBERRY.

Androscoggin. Opinion February 1, 1888.

*Executors and administrators. Evidence. Tax deed. Tax. Description.*

No license is required from the judge of probate to enable an executor to assign a mortgage upon real estate held by the testator at the time of his decease.

Recitals in a tax deed are not evidence of the truth of the facts stated.

"Twelve acres pasture lot" is not a sufficient description for the purposes of taxation, nor to support a tax title.

ON exceptions by the defendant.

Trespass, *quare clausum fregit.*

Both parties claimed title to the *locus*: the plaintiff through a mortgage assigned to him by an executor. the defendant through a tax deed. Other material facts stated in the opinion.

*Savage and Oakes*, for the plaintiff.

*David Dunn*, for the defendant.

WALTON, J. The ruling of the presiding justice (by whom the action was tried without a jury) that no license from the judge of probate is necessary to enable an executor to assign a mortgage of real estate, held by the testator at the time of his decease, was correct. Such mortgages, and the debts thereby secured, are personal assets in the hands of executors and administrators, and may be sold or otherwise disposed of by them, at any time before a foreclosure is completed, the same as personal property pledged to the testator. So declared by statute, R. S., c. 90, § 12. And a sale or assignment of such mortgages by an executor or administrator is valid without a license from the judge of probate. *Crooker* v. *Jewell*, 31 Maine, 313.

The ruling that the tax deed through which the defendant claimed title was insufficient to convey a title, was correct. The recitals in a tax deed are not evidence of the truth of the facts stated. *Phillips* v. *Sherman*, 61 Maine, 548. And, if they were, the recitals in the deed referred to, fall very far short of showing that the tax was legally assessed, or that the land was legally sold for the non-payment of it. It does not appear that the land was described with such fullness and accuracy as the law requires. "Twelve acres pasture lot," is the only description given of it, except that it is in the town of Poland. In what part of the town, or how bounded, is not stated. Nor is the number or range of the lot stated. Such a description is clearly insufficient. Nor does it appear that the sale was within two years from the date of the collector's warrant. R. S., 1871, c. 6, § 173; R. S., 1883, c. 6, § 200. The recitals in the deed are in other particulars defective; but, as already stated, the recitals, if complete, would not be evidence of the truth of the facts, stated, and it is unnecessary to examine them further.

*Exceptions overruled     Judgment affirmed.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.