# 𝔚ytheville.

BOON v. SIMMONS.

July 9th, 1891.

88   259
90   701

1. TAX SALES—*Compliance with statute.*—All acts prescribed by the statute must be performed in the place, manner and time therein named. Every provision in which the owner can possibly have an interest must be strictly obeyed, else the tax-title will be void. The maxim, *caveat emptor*, applies with great force to the purchaser.

2. IDEM—*Confirmation.*—Judicial confirmation of the sale, when required by law, is essential to a valid tax-title, but no confirmation can aid a void title.

3. IDEM—*Case at bar.*—Act of February 26, 1886, sec. 5, provides that within thirty days after a tax-sale, treasurer shall report same to county court at its next term, which shall enter of record the fact of return of report, and shall continue the matter until the next term for exceptions to be filed by any person affected thereby; and if no cause be shown to the contrary, the court shall confirm the sale and make it binding upon the parties in interest; and a writ of possession may be granted to the purchaser at any time thereafter on demand. A sale made December 19, 1887, under said act to appellant, was reported as therein directed, but the county court failed to continue the matter to the next term for exceptions, and never at that, or at any other term, confirmed the sale, or granted the purchaser a writ of possession, and he never had possession. Six months later same land was sold under decree of the circuit court, and the sale was duly confirmed and the purchaser, the appellee, paid the entire purchase-money and received his deed of conveyance, and the possession, which he held for nearly two years, without notice, actual or constructive of the tax-sale. At its January term, 1890, the county court made an order requiring a plat and certificate of survey of said property made by the county surveyor and returned to the court by the appellant, and reciting the purchase by the appellant of said land at a sale of lands delinquent for taxes by said treasurer as aforesaid,

to be recorded, and that the clerk make the necessary deed conveying said land to the appellant, which deed was accordingly made. In a suit in chancery brought by appellee to remove from his title the cloud thereon occasioned by said tax-deed, the circuit court adjudged the latter deed null and void;

HELD:

No error.

Appeal from decree of circuit court of Roanoke county, rendered April 6th, 1891, in a suit in chancery wherein Sparrel F. Simmons was complainant and Walter Z. Boon was defendant. The object of the suit was to have removed from the complainant's title to certain land bought and paid for by, and conveyed to him, and which from the day of his purchase had remained in his possession, a cloud occasioned by a tax-title deed which had been made to the Boon, the defendant below, by the clerk of the county court of said county under an order thereof. The decree was in favor of the complainant, and the defendant appealed. Opinion states the case.

*Penn & Cocke,* for appellant.

*G. W. & L. C. Hansbrough,* for appellee.

FAUNTLEROY, J., delivered the opinion of the court.

The record discloses the following case : On the 19th day of December, 1887, W. W. Brand, treasurer of Roanoke county, sold a certain tract or parcel of land described as two acres and forty poles near Salem, assessed in the names of J. W. Shell, T. D. Shell and E. A. Shell, as delinquent for payment of taxes due and unpaid for the year 1886, to the amount of $2.47, which said lands at said sale were purchased by Walter Z. Boon, appellant, for the sum of $2.72.

This sale, and all the proceedings were under an act of the general assembly passed February 26th, 1886 (Acts 1885–'86,

page 280). The list of the sales made December 19th, 1887, by the said treasurer (of which this sale of the said two acres and forty poles was one) was returned to the county court of Roanoke county, at its January term, 1888, and there was made and entered by and in the said court, at its said January term, 1888, the following order, viz.: "This day W. W. Brand, treasurer of this county, returned to this court a list of real estate within the county of Roanoke, sold in the month of December, 1880, for the non-payment of taxes thereon for the year 1886, and, the court seeing no cause to doubt the correctness of the said list, it is ordered that a copy thereof be certified to the auditor of public accounts, and that the original be recorded in a well-bound book, properly indexed, to be preserved in the clerk's office of this court." No other order concerning the said sale to Boon was made by the said county court until the January term, 1890, when the court made the following order: "This day Walter Z. Boon, who was the purchaser of a tract of two acres and forty poles lying near Salem in this county, and assessed in the names of J. W., T. D., and E. A. Shell, at a sale of lands delinquent for taxes for the year 1886, made by W. W. Brand, treasurer of Roanoke county, on the 19th day of December, 1887, returned to the court a plat and certificate of survey of said land made by the surveyor of this county, which the court upon examination finds to be in conformity to the law, and orders the same to be recorded, and that the clerk do make the necessary deed conveying the said tract to the said purchaser." In pursuance of the foregoing order, the clerk of the said county court, by a deed dated February 13th, 1890, conveyed to the said Walter Z. Boon (not the land described on the list returned by the treasurer aforesaid to the county court at the January term, 1888, as " *Two acres, forty poles near Salem* "), but " the following described real estate situated in the town of Salem, Roanoke county, Virginia, near the depot of the Norfolk and Western railroad," within certain metes and bounds, and "con-

sisting of lots 119, 120, 121, 122, 123, 54, 55, 56, 57 and 58, on the survey of John Snyder of lots of the Dropmore estate."

It appears from copy of the record of the circuit court of Roanoke county, that under attachment proceedings in the said court against the said Shells, owners of the said lots, they, the said lots, were sold and purchased on the 22d day of May, 1888, by Sparrel F. Simmons, the appellee, for the sum of $801, which he paid, and the sale was confirmed, and a deed was made to the said Simmons in pursuance of the order of the said court by F. C. Shell, J. W. Shell, T. D. Shell and W. Lee Brand, deputy sheriff of Roanoke county; and the said Simmons was put into possession of the said lots, which possession he has held uninterruptedly to this time. It no where appears that the said Boon has ever had possession of any part of the said lots in controversy.

In May, 1890, Sparrel F. Simmons (the appellee) instituted this suit in the circuit court of Roanoke county to have the aforesaid sale of the said lots made December 19th, 1887, by the said treasurer, W. W. Brand, and the deed for the same made to the said Walter Z. Boon by the aforesaid McCauley, clerk of the county court of Roanoke county, February 13, 1890, declared to be illegal, null and void, and to vacate the same, as a cloud upon his title to the aforesaid land in the controversy; and the said circuit court rendered the decree of April 6th, 1891, declaring the said sale to be illegal, null and void, and vacating and annulling the said deed of February 13th, 1890, made by the said clerk, McCauley, of the county court of Roanoke county, to the said Walter Z. Boon, the appellant.

We are of opinion to affirm the said decree appealed from, for the reasons given in writing by the judge of the circuit court, filed with the decree and made part of the record, in an elaborate and able opinion.

The record shows sundry defects and irregularities in the proceedings attending the sale of the real estate in controversy

and in the deed itself, sufficient to warrant the annulment of the sale and deed.

Section 5th of the act of February 26th, 1886, under which the sale was made and all the proceedings were had, is as follows:

"5. Within thirty days after the sales have been completed, the treasurer shall report all the sales to the county court of his county, or corporation court of his city.  *  *  *  The court, if in session, if not in session, then at its next term, shall enter on record the fact of the return of the report of said sales, and *shall continue the matter until the next term, for exceptions to be filed by any person affected by said report;* and if no cause be shown to the contrary, or in so far as the said report appears to be proper, and the sales to have been regularly made, the court shall confirm said sales, and make the same binding upon the parties in interest, subject to the limitations and exceptions hereinafter described; and writs of possession may in all cases be granted to the said purchasers during term, or at any time thereafter on demand, whether said purchaser shall be a person, company, firm, or corporation, or the auditor of the state."

Though positively and peremptorily commanded to continue the matter reported at the January term of the sale made of this land in controversy by the treasurer, until the next term for exceptions to be filed by any persons affected by the said report and proceedings of the treasurer, and thereafter, at the next succeeding February term, or at some subsequent term, to confirm the said sales and make the same binding upon the parties in interest; the county court failed to continue the matter of the treasurer's report of the said sale at its January term, 1886; and did not make an order confirming the sale of the land in controversy to Boon to make it binding upon the parties in interest, at that January term, nor at any subsequent term of the said court. Without such order of confirmation the sale to Boon was null and void; the essential

requirement of the 5th section of the act of February 26th, 1886, under which the sale was made and the proceedings subsequent were had, being that the report of the sale by the treasurer *shall* be continued for one term, for a most positive and provident reason given, and that, then, this having been done, " the court *shall* confirm the said sale and make the same binding upon the parties in interest." It is well established by the decisions of this court that, wherever it is necessary for a court to confirm a sale, there is no sale until the order of confirmation is made. " Judicial confirmation of the sale when required by law, is essential to a valid title, but no confirmation can aid a void title." 2 Blackwell on Tax-Titles, section 674; 2 Minor, p. 322.

" The power to sell land for non-payment of taxes is not a common law power, but arises entirely from statute, and therefore exists only when the conditions prescribed by the statute are fulfilled ; and since the statutes are penal, and the proceedings under them *ex-parte*, summary, executive rather than judicial, and an infringement of the rights of property only tolerated by reason of necessity, great strictness and exactness in following the law is required in favor of the land owner. All acts prescribed by the statute must be performed in the place, manner, form, and time therein named; every provision in which the owner can possibly have an interest must be strictly obeyed, or the resulting tax-title will be void." (Blackwell on Tax-Titles, section 121.) In section 126, the same writer says : " The proceedings are adverse, *ex-parte*, and statutory, and have nothing to stand upon but the statute, from which if they vary, they can lay no claim to its support, and are therefore wholly without support. The purchaser claims under the statute ; by that let his pretensions be judged. The consideration is grossly inadequate ; the maxim *caveat emptor* applies with great force to the purchaser. If the forms of law can be departed from at all, a dangerous power is put in the hands of the officers, and great difficulty will be found in deciding *how*

*far* departure may go. If at all, why not any distance ? The officer sells what he does not own and has no interest in and no authority over, except as agent of the law. He is made agent for this purpose by certain prescribed steps, and if a single condition is absent his agency fails. Moreover the law is penal in its nature and must be strictly construed." And, in section 127, the same writer quotes the words of Chief-Justice Marshall in the case of *Thatcher* v. *Powell,* 6 Wheaton, 119, " That no individual or public officer can sell and convey a good title to the land of another, unless authorized to do so by express law, is one of those self-evident propositions to which the mind assents without hesitation; and that the person invested with such a power must pursue with precision the course prescribed by law or his act is invalid, is a principle which has been repeatedly recognized in this court." In *Wilson* v. *Bell,* 7 Leigh, this court said: " It is the well-settled law that he that claims under a forfeiture must show that the law has been exactly complied with." (See, also, *Yancey* v. *Hopkins,* 1 Munf. 419; *Nalle* v. *Fenwick,* 4 Rand. 585; *Allen* v. *Smith,* 1 Leigh, 231, 248; *Jessee* v. *Preston,* 5 Gratt. 120.

The record shows that the sale made and reported by the treasurer to the January term, 1888, of the county court of Roanoke county, of " two acres and forty poles near Salem," to the appellant, Boon, was not continued as the law required; that no order of confirmation by the said court of the said sale was ever made so as to make the same binding upon the parties in interest; and that Boon never sued out a writ of possession, or took possession of the land in controversy which he was reported to have bought at a sale of lands delinquent for taxes, for $2.72, but which sale was never confirmed so as to consummate his tax-title, or to bind or divest the title of the owners of the land delinquent. The appellee, Simmons, is not a delinquent owner failing to pay the taxes upon his land; but an innocent purchaser, for value $801 cash, without notice, actual or constructive, of the claims of a tax-sale purchaser·

Under a decree in a suit in chancery and an order in attachment proceedings, which were pending in the circuit court of Roanoke county, at the time of the sale, December 19th, 1887, to Boon, the sheriff of Roanoke county, sold the land in controversy to the appellee, Simmons, who paid the price $801 cash; reported the sale to the circuit court, which was approved and confirmed; and a deed of conveyance made to Simmons as said purchaser at the said judicial sale July 7th, 1888, which was united in both by the said officer of the circuit court and the Shells, the assessed owners of the land, and on that day admitted to record. Possession of the land was delivered to the appellee immediately by virtue of his said purchase, and actual possession thereof he has retained ever since.

This is not a suit for *the possession* of the land, but is a suit by the purchaser at a judicial sale who has paid the purchase-money and been in possession since July 7th, 1888, under a decree of the circuit court of Roanoke county, to remove the cloud upon his title by the tax-title claim of the appellant as purchaser at a sale made by the treasurer of Roanoke for delinquent taxes on the 19th of December, 1887, which sale was never confirmed or consummated according to law. The deed of February 13th, 1890, from the clerk of the county court of Roanoke county was illegal and void, because the county court had never confirmed the sale, nor in other essential and material prescriptions of law proceeded properly and regularly; and, while the sale reported described the land sold as " two acres and forty poles near Salem," the deed describes and conveys " *ten lots* in the town of Salem, near the depot of the Norfolk & Western Railroad—now contends that it is the *same land.*"

For the foregoing reasons we are of opinion that there is no error in the decree of the circuit court of Roanoke appealed from, and that the same must be affirmed.

DECREE AFFIRMED.