# Wytheville.

## McCULLOUGH v. HUNTER, TREASURER.

### JUNE 14th, 1894.

1. SALES FOR TAXES—*Ex-Collector.*—Where power to sell land for taxes is given by a city charter to the city collector : *held*, such power ceases with his official term and a sale made by him after cessation of his term, is void.
2. MANDAMUS—*Treasurer—Deed.*—Where sale of land for taxes is made by an ex-collector, *mandamus* will not lie to compel the city treasurer to make a deed conveying the land to the purchaser. *Delany* v. *Goddin,* 12 Gratt., 206 ; *Boon* v. *Simmons,* 88 Va., 259.

Argued at Richmond.   Decided at Wytheville.

Error to judgment of circuit court of the city of Norfolk, rendered June 11, 1890, in a proceeding for a *mandamus,* wherein A. A. McCullough, plaintiff in error here, was petitioner, and W. W. Hunter, treasurer of the said city, was defendant.   Opinion states the case.

*A. R. Hanckel* and *Sharp & Hughes,* for plaintiff in error.

*White & Garnett,* for defendant in error.

LEWIS, P., delivered the opinion of the court.

This was a petition for a *mandamus* against the treasurer of the city of Norfolk, to compel him to convey to the petitioner

a parcel of land, situate in that city, which, it is alleged, was sold on the 1st day of September, 1886, to one Bond, the assignor of the petitioner, for the non-payment of city taxes.

The court below dismissed the petition on demurrer, and thereupon the case by writ of error was brought to this court.

By the 47th section of the charter of the city it is made the duty of the collector of city taxes to sell real estate delinquent for non-payment of taxes or assessments, and the same section requires the collector, on any such sale, to execute to the purchaser a certificate of sale, etc. And by the 51st section it is provided that "the purchaser of real estate sold for taxes and not redeemed shall, after the expiration of two years from the sale, obtain from the city treasurer a deed conveying the same, wherein shall be set forth what appears in his office in relation to the sale"; and by the same section provision is made for a conveyance to an assignee of the purchaser. Acts 1883–'84, pp. 42–3.

The petition filed in the court below states that the alleged sale was made by "the city collector in conformity with the terms of the charter." But it appears from an exhibit filed with the petition, as a part thereof, that the sale was made, not by the city collector, but by one Black, who styles himself "*ex*-city collector," and who thus signs the alleged certificate of sale.

We find nothing in the charter of the city, nor has our attention been called to any provision in the general law of the State, which authorizes sales of real estate delinquent for non-payment of city taxes in Norfolk to be made otherwise than under the provisions of the 47th section of the charter, which in express terms requires such sales to be made by *the collector*. This vests the power of sale, not in the person of the officer, but in the office, and hence the power ceases as to any individual when his term expires; so that a sale by the collector after the expiration of his term of office is a mere nullity. 2 Blackw., Tax Titles, sec. 754. " That no individual or public

officer," said Chief Justice Marshall in *Thatcher* v. *Powell*, 6 Wheat., 119, " can sell and convey a good title to the land of another, unless authorized so to do by express law, is one of those self-evident propositions to which the mind assents without hesitation"; and the same doctrine has been held by this court.  *Boon* v. *Simmons*, 88 Va., 259, and cases cited.

If therefore, it were conceded that, upon the principle of the decision in *Delaney* v. *Goddin*, 12 Gratt., 266, the duty of the treasurer, under the 51st section of the charter, above referred to, in regard to making a deed to the purchaser, is purely ministerial, and hence that he has nothing to do with the regularity or validity of the previous proceedings, the fact would remain that he is required to convey only after there has been a sale by an authorized officer, viz : the collector ; and as there has been no such sale in the present case, it follows that the order dismissing the petition must be affirmed.

Judgment affirmed.