# CHARLESTON.

### Frank Roe v. K. D. Geiger et al.

### Submitted April 25, 1922.   Decided May 16, 1922.

1. TAXATION—*Purchaser Has a Right to One Tax Deed or to Separate Deeds for Tracts Separately Sold.*

   Where two tracts of land are separately assessed with taxes, are returned delinquent and for non-payment of taxes are separately sold to the same person, the purchaser has the right to a separate deed for each tract or at his election, to one deed for both tracts.   (p. 206).

2. SAME—*Tax Deed for Two Separately Assessed Tracts Must Describe Each Tract Separately.*

   If such deed be made for both tracts, it must, under section 24, chapter 31 of the Code, contain a description of each tract; and a deed describing by metes and bounds a single tract, purporting to be the aggregate of the two tracts and not describing the two tracts separately is not in conformity to the statute and is void on its face.   (p. 209).

Error to Circuit Court, Lincoln County.

Action by ejectment by Frank Roe against K. D. Geiger and others.   Verdict for plaintiff was set aside, and new trial awarded, and plaintiff brings arror.

*Affirmed.*

*Pendleton L. Williams,* and *Jacob D. Smith,* for plaintiff in error.

*A. F. Morris,* and *Marcum & Shepherd,* for defendants in error.

MEREDITH, JUDGE:

Plaintiff brought this action of ejectment in the circuit court of Lincoln County to recover two tracts of land containing 17¼ acres and 14¾ acres, respectively, but described in his declaration as one tract of 32 acres.   The action was originally brought against D. K. Geiger, but on motion, Kenova Coal Mining Company was admitted as defendant and thereafter it appears as the real claimant and defendant

in the case, Geiger being merely its agent.    The trial resulted in a verdict for the plaintiff; on motion of the Company the court set aside the verdict and awarded it a new trial.    Plaintiff prosecutes this writ of error and asks that the action of the circuit court be reversed and that judgment be entered here on the verdict.

In 1910, J. X. Hill was assessed with the fee in two tracts in Sheridan District, containing 17¼ acres and 14¾ acres respectively.    These tracts had been assessed in his name for the years 1903 to 1910 inclusive.    They were both returned delinquent for the non-payment of the taxes assessed for the year 1910, and on December 9, 1912, were sold by the sheriff to the plaintiff.    They were not redeemed, and plaintiff endeavored to have the county surveyor make a survey thereof, but he being absent, L. D. Clifford, a civil engineer, was employed for that purpose.    Clifford did not survey each tract separately, but as the tracts adjoined each other, he surveyed them together as one tract.    His survey was later presented to M. D. Hilbert, the county surveyor, who made a report, adopting therein Clifford's survey, and filed his report with the county clerk, December 5, 1914.    The clerk executed a deed to the plaintiff, dated December 5th and acknowledged December 7th, 1914, for the 32 acres, describing it by metes and bounds as one tract, the same as in the surveyor's report, and as "being all of the 17¼ and 14¾ acre tracts owned by J. X. Hill."    The deed was recorded December 7, 1914.

Plaintiff claims title under this tax deed.    Defendant Kenova Coal Mining Company claims that J. X. Hill in 1910 did not own these lands and that they were improperly assessed in his name; that these same lands were properly assessed for that year in its name as part of a 92½ acre tract and that it paid the taxes thereon, so that at that tax sale plaintiff acquired no title by his purchase.

On the trial plaintiff showed that the two tracts of 17¼ and 14¾ acres were assessed for the year 1910 in the name of J. X. Hill; that they were for that year returned delinquent and sold; introduced his tax deed and we think sufficiently identified the land conveyed by the deed and as lo-

cated upon the ground, by the testimony of M. D. Hilbert, county surveyor, that is, he identified the metes and bounds of the 32 acre tract; but the lines of the two tracts, 17¼ acres and 14¾ acres, were not run out separately, nor were the two tracts nor their locations identified.   Hill's title to the lands, if he had any, was not shown.   No attempt was made by plaintiff to deraign the title of Hill in order to identify the two tracts sold as being the 32 acres run out by metes and bounds.   Plaintiff's offer in evidence of the surveyor's report was rejected, but it was later put in evidence by the defendant.   We see no reason why plaintiff should not have been permitted to introduce it as part of his evidence. At the conclusion of plaintiff's evidence, defendant moved the court to exclude it and direct a verdict for defendant, which motion the court overruled; if this motion should have prevailed, that would have ended the case.   If that question should be determined in favor of the defendant, a consideration of the errors assigned by plaintiff will be unnecessary.

Defendant contends that plaintiff's deed is void on its face; if so, plaintiff has shown no title of any kind or character to the lands in controversy.   The deed by way of recital shows that it was made in pursuance of the statute; that the sheriff commenced the sale of real estate charged with taxes in his county and returned delinquent therein for the nonpayment of the taxes thereon; that at the sale completed according to law, Frank Roe "became the purchaser of two tracts of land charged on the land book as 17¼ and 14¾ acre tracts, charged with taxes in the said county of Lincoln in Sheridan District, as a 17¼ and 14¾ acre tracts, in the name of J. X. Hill, for the year 1910, for the sum of $5.62," that being the aggregate of the taxes, interest and costs; that the lands were not redeemed as provided for by law, and after the expiration of one year from the date of the sale, said Frank Roe caused a report by the county surveyor to be made to the clerk of the county court, specifying by metes and bounds the real estate so purchased, and giving a description of the same sufficient to identify it as required by law.

Then follows a grant of the real estate by metes and bounds, closing with the words: "containing 32 acres by survey, being all of the 17¼ and the 14¾ acre tracts owned by J. X. Hill." The deed is properly signed, sealed, acknowledged and stamped. It substantially follows the surveyor's report to which the sheriff's receipt for the taxes and the surveyor's report were attached. The receipt or memorandum attached shows that the two tracts were separately assessed, the total amount paid for the 17¼ acres being $2.94, and for the 14¾ acres $2.68. The two tracts were assessed separately and were separately sold. Section 24, chapter 31, Code, provides:

"Where two or more tracts or parts of tracts, or city, town or village lots, charged to the same person, or persons, with taxes, for the same year, or years, shall have been sold for taxes and purchased by the same person at such sale, the purchaser thereof, or his heirs, devisees or assigns may obtain from the clerk of the county court several deeds for each tract or part of a tract, and city, town or village lot, or undivided interest therein, or for any number of them less than the whole, or he may obtain one deed for the whole of them as he may prefer; *but every such deed shall describe each tract and part of a tract, and each lot and undivided interest in a lot separately;* and such deed when so made for several tracts and parts of tracts, and several lots and undivided interests in several lots, shall be as valid and effectual to pass to the grantee therein the title, legal and equitable to every such tract, and part of a tract, and to every such lot and undivided interest in a lot, as a separate deed to each would have been if such separate deed had been made to such grantee."

That statute means just what it says, and it says: "Every such deed shall describe each tract and part of tract, and each lot and undivided interest in a lot separately." The plaintiff in this case was entitled to two deeds, one conveying one tract, and the other the other tract; or, at his election, he was entitled to a deed conveying both tracts, but in the deed conveying both tracts each tract should have

been described separately.    The statute does not permit a
description of two or more tracts as one tract in such a deed,
where the tracts are separately assessed and separately sold.

It is said in Minor's Law of Tax Titles in Virginia, page
120, in speaking of tax deeds;

"The deed must describe the land with sufficient certainty
to establish its identity.    In general the description must
conform in all essential particulars to that employed in the
assessment list, the notice of sale, and the officer's report
thereof.    Otherwise the deed is invalid.    Thus, if the of-
ficer's report shows that an entire tract was sold, this is no
authority for executing a deed for *part* of a tract, and if
such deed is executed, it is void.    The only authority for
making a tax-deed at all is the fact that the land has been
sold for taxes, and nothing can be conveyed therefore ex-
cept that which is sold."

In the case of *Boon* v. *Simmons,* 88 Va. 259, 13 S. E.
439, a tax deed was set aside, in which the treasurer's re-
port designated the land as "Two acres forty poles near
Salem," assessed in the name of J. W., T. D., and E. A.
Shell.    This was included in the list of sales returned to
the county court.    At a subsequent term of the county
court a deed was ordered to be made to the purchaser. "In
pursuance of the foregoing order, the clerk of the said
county court, by a deed dated September 13, 1890, con-
veyed to the said Walter Z. Boon, not the land designated
on the list returned by the treasurer aforesaid to the county
court at the January term, 1888, as 'Two acres forty poles
near Salem,' but 'the following described real estate situated
in the town of Salem, Roanoke County, Va., near the depot
of the Norfolk and Western Railroad,' within certain metes
and bounds, and 'consisting of lots 119, 120, 121, 122, 123,
54, 55, 56, 57 and 58 on the survey of John Snyder of lots of
the Dupmore estate'."    One of the reasons for holding the
deed void was that it did not properly and sufficiently de-
scribe and identify the land.    See *Brickey* v. *English,*
129 Ill. 646; *Lowe* v. *Ekey,* 82 Mo. 286; *Keane* v. *Cannovan,*
(Cal.) 82 A. D. 738; *Libby* v. *Mayberry,* 80 Me. 137; *Alex-*

*ander* v. *Hickox,* 34 Mo. 496, 86 A. D. 118; Black, Tax Titles
(2d. Ed.) Secs. 405 *et seq.*

Cooley on Taxation, Vol. II, page 1000, in speaking of
the description of the land as contained in tax deeds, says:
''Here again description becomes important; the description
should, in substance at least, follow that in the assessment
when the whole parcel assessed was sold, and if less than
the whole, then the connection between what was assessed
and what was sold should appear. In either case the de--
scription should be one that with reasonable certainty iden--
tifies the land.''

There is no word in plaintiff's testimony showing where
the 17¼ acre tract lies. Its boundaries were in no way
identified; we could not tell from the evidence in what part
of the ·32 acre boundary it lies, nor could we tell, in fact,
whether it is within the 32 acre boundary. The ·same is
true as to the 14¾ acre tract. The description in the deed
and in the surveyor's report is not a description of either
of the tracts as required by the statute.

Is this defect a fatal one, or is it cured by section 25 or sec-
tion 29, chapter 31, Code? Section 25 says:

''When the purchaser of any real estate so sold and not
redeemed * * * * shall have obtained a deed therefor ac-
cording to the provisions of this chapter and caused the same
to be admitted to record, such right, title and interest in
and to said real estate shall be transferred to and vested in
the grantee in such deed.''

The deed must on its face, in order to transfer and vest
title be one obtained according to the provisions of that
chapter, that is, in the present instance, one according to
section 24, part of which has been quoted above. This court
held in the case of *Caretta Railroad Co.* v. *Fisher,* 74 W. Va.
115, 81 S. E. 710, that a tax deed ''purporting on its face
to convey an undivided interest in land other than a town
lot is unauthorized by law, inoperative and not conclusive
as to any one.'' Such a deed being void on its face is not
cured by section 25 or section 29 of the statute. Judge
Robinson, in his opinion in that case, pertinently calls at-

tention to the fact that the words "such deed" in section 29 refer only to such deeds as are authorized by the provisions of that chapter.     See also *Wagner* v. *Beavers,* 85 W. Va. 631, 102 S. E. 668; and *Shrewsbury* v. *Horse Creek Coal Land Company,* 78 W. Va. 182, 88 S. E. 1052.

We hold that the provision in section 24, chapter 31, Code, which provides that "Every such deed shall describe each tract and part of a tract and each lot and undivided interest in a lot separately," when such tracts are separately assessed and separately sold, must be substantially complied with, and that unless a tax deed conveying two tracts separately assessed and separately sold describes them separately, such deed is void on its face, and is not a deed obtained according to the provisions of chapter 31 of the Code. Having come to this conclusion, it is unnecessary to consider plaintiff's assignments of error.     It therefore follows that defendant's motion to exclude the plaintiff's evidence and to direct a verdict for defendant should have been sustained.     The order of the circuit court setting aside the verdict and awarding defendant a new trial is affirmed.

*Affirmed.*